# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ERICA L. BANKS                                                                              PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 4:03CV401-P-B

CORRECTIONS CORPORATION OF
AMERICA d/b/a DELTA CORRECTIONAL
FACILITY                                                                                  DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion for Summary Judgment [17-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Erica Banks and her husband filed a voluntary petition for Chapter 13 Bankruptcy with the United States Bankruptcy Court for the Northern District of Mississippi on May 1, 2000. The bankruptcy court approved the Banks' Chapter 13 Plan on October 16, 2000. The Banks participated in the plan for approximately nineteen months, during which time the Banks' employer, pursuant to an order from the bankruptcy court, paid a set amount of their wages to the court and the court made payments to the Banks' creditors in accordance with the Bankruptcy Plan. On October 4, 2001, the Banks' requested that their Chapter 13 Bankruptcy case be dismissed; the bankruptcy court granted their motion by way of order entered October 16, 2001.[1]

---

[1] Banks' affidavit in opposition to the defendant's motion indicates in pertinent part:

. . . After I was discharged on April 25, 2001, my husband and I had to make different arrangements to pay the Bankruptcy court, since I had lost my compensation by virtue of my termination.
. . . On October 2, 2001, my husband and I requested that our Chapter 13

While the Banks' bankruptcy case was still open, Ms. Banks initiated two internal complaints to her employer, Corrections Corporation of America (CCA). She filed the first grievance on September 22, 2000; Banks took no further action after submitting the internal grievance, e.g., she did not follow through by filing a complaint with the EEOC.[2] On April 17, 2001, Banks submitted a second grievance to DCC. DCC discharged Banks on April 25, 2001, approximately one week later. Banks responded to her termination by filing an EEOC complaint on July 31, 2001. The EEOC issued a Letter of Determination to Banks on November 14, 2002. After receiving a Right to Sue Letter on July 30, 2003, Banks filed the instant suit seeking redress pursuant to Title VII for unlawful employment discrimination and retaliation.

At no time during the pendency of the Banks' Chapter 13 proceeding did Ms. Banks amend the debtors' schedules or otherwise disclose the existence of her Title VII claims against CCA. CCA urges that Banks was aware of her potential claims as early as September 22, 2000 and that at the very latest by July 31, 2001 when she filed her complaint with the EEOC.[3]

Defendants seek summary judgment on grounds of judicial estoppel, urging that plaintiff's failure to disclose her employment discrimination claim against her employer during the pendency

---

Bankruptcy case be dismissed.
. . .
. . . By October of 2001, my husband and I decided to dismiss our Bankruptcy case and try to pay as much as we could to our creditors without the assistance of the Bankruptcy court.

Banks' Affidavit at p. 3.

[2] The Court rejects the defendant's suggestion that Banks' filing of an internal grievance with her employer was sufficient to trigger her duty of disclosure under the bankruptcy code.

[3] Banks' filing of her EEOC claim did trigger her duty to disclose her claim.

of her bankruptcy proceedings should preclude her prosecution of this action.

Judicial estoppel is a equitable doctrine which prevents a party from asserting inconsistent positions in legal proceedings. In re Coast Plains, 179 F.3d 197, 205 (5th Cir. 1999). The purpose of the doctrine is to protect the integrity of the judicial system . . . by preventing the parties from playing 'fast and loose' with the courts to suit their own self-interest." Id. Judicial estoppel applies when two elements are present: 1) the position of the party to be estopped is clearly inconsistent with its previous one; and 2) that party must have convinced the court to accept the previous position.

The doctrine has been employed to prevent parties from pursuing legal claims when the parties fail to disclose those claims in bankruptcy proceedings. Casey v. Peco Foods, 297 B.R. 73 (S.D. Miss. 2003). Debtors in a bankruptcy proceeding have a duty to disclose all assets, including contingent and unliquidated claims. 11 U.S.C. § 521(1). Based on Fifth Circuit precedent, Coastal Plains, 179 F.3d at 210, the Court has no choice but to conclude that the first element, that of inconsistent positions, has been satisfied. Banks' failure to disclose her EEOC charge and her potential cause of action for employment discrimination "constituted a representation to the bankruptcy court that [the plaintiff] was not involved in any administrative proceedings and that she had no potential causes of action," a position which is clearly inconsistent with her July 31, 2001 filing of an EEOC charge.[4] Casey, 297 B.R. at 77.

---

[4] While Banks' engaged in no affirmative misconduct, inasmuch as she was aware of no claim against CCA when she submitted her initial schedules to the Bankruptcy Court, that does not absolve her. In a Chapter 13 bankruptcy proceeding, all assets of the debtor belong to the estate, including interest in property acquired after the commencement of the estate. 11 U.S.C. § 541(a)(7). Thus, the duty of disclosure in bankruptcy proceedings is a continuing one. Coastal Plains, 179 F.3d at 208.

However, the second element has not been satisfied. It is evident that the bankruptcy court relied on the Banks' schedules in approving the bankruptcy plan in the early stages of the case. However, the initial schedule was correct; hence the bankruptcy court's reliance upon it has no bearing on the estoppel question. Instead, the important issue is whether the Banks' failure to file an amended schedule disclosing her potential claim against CCA after July 2001 affected the bankruptcy court's decision to grant the Banks' motion for dismissal of their Chapter 13 case in October 2001. Common sense suggests that the nondisclosure was harmless, e.g., that the bankruptcy court would have granted the motion to dismiss even had the Banks filed an amended disclosure. The dismissal of the Banks' Chapter 13 case erased the umbrella of protection associated with the filing of the Chapter 13 petition and rendered them fully liable to their creditors. CCA has presented absolutely no proof on this issue nor have they presented any authorities addressing the application of judicial estoppel under similar circumstances.

Furthermore, even assuming satisfaction of the second element, judicial estoppel is inappropriate if Banks can establish that the nondisclosure was inadvertent. A debtor's "failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." Coastal Plains, 179 F.3d at 210 (emphasis in original). Though Banks cannot establish that she lacked knowledge of her claim against CCA after July 31, 2001, the Court concludes that Banks' action in seeking dismissal of her Chapter 13 proceeding rather than conversion to Chapter 7 bankruptcy–a tactic employed in nearly all of the cases relied on by defendant–belies the existence of a motive to conceal her claim. See Burnes v. PEMCO Aeroplex, Inc., 291 F.3d 1281 (11th Cir. 2002). As noted supra, this is not a situation wherein the Banks sought to "[c]onceal their claims; get rid of [their] creditors on the

4

cheap, and start over with a bundle of rights." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (quoting from Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993)). The Court concludes that the doctrine of judicial estoppel does not apply to the instant case; accordingly, the defendant's Motion for Summary Judgment is not well-taken and will be denied.

However, the Court concludes that the issue dealt with in the instant Order is one which meets the requirements of 28 U.S.C. §1292(b); that is, the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment [17-1] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 8th day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE