ERICA L. BANKS                                                                                          PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 4:03CV401-P-B

CORRECTIONS CORPORATION OF AMERICA,
et al.                                                                                              DEFENDANTS

## ORDER

This cause is before the Court on the plaintiff's Appeal of Order Granting Motion for Protective Order [73]. The Court, having reviewed the objections, the response thereto, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

An appeal from a magistrate's ruling on a non-dispositive motion, pursuant to the authority granted in 28 U.S.C. § 636(b)(1), is considered under the "clearly erroneous" standard. This standard has been described as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D.Minn.1999). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994)(quoting Resolution Trust Corporation v. Sands, 151 F.R.D. 616, 619 (N.D.Tex.1993)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety," the district judge may not reverse it. Id. When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions. Id.

The Magistrate's January 25, 2008 Order imposed significant limitations on the proposed topics of inquiry outlined in the Notice of 30(b)(6) deposition served by the plaintiff on December 27, 2007. In addition to imposing certain temporal restrictions, the Order also limited the areas of inquiry under Topics 12 and 13 to lawsuits and charges filed with the EEOC, thereby prohibiting plaintiff from inquiry regarding internal complaints and grievances filed by other employees pertaining to race discrimination. Likewise, the Order limited the scope of inquiry permitted under Topic 15 to investigations of EEOC complaints, thereby excusing defendant from disclosing information relative to its investigation of internal complaints and grievances of race discrimination and retaliation filed by other employees. Finally, the Order limited Topic 16 to inquiries concerning those employees discharged by the defendant for excessive absences and tardiness, thereby foreclosing plaintiff from discovery of other employees who suffered lesser sanctions for similar infractions.

The grounds advanced by the defendant for limiting the topics of inquiry were the irrelevance of the information sought, the "overly broad" and "unduly burdensome" nature of the requested information and the privacy concerns of nonparties. Although the magistrate granted much of the relief sought by the defendant, what is noticeably absent from the January 28, 2008 Order is the articulation of any legal or factual basis to support the discovery limitations thereby imposed.

In view of the breadth of discovery permitted in Title VII cases, the relevance of the information requested in Topics 12, 13, 15 and 16 cannot be seriously disputed. Furthermore, a review of the proposed topics demonstrates plaintiff's effort to narrowly tailor the proposed discovery in terms of location, content and a reasonable time period. In short, the topics at issue are

<u>not</u> too broad. Likewise, while compliance might engender <u>some</u> burden to the defendant, nothing in the record supports a conclusion that the cost and inconvenience to the defendant outweighs plaintiff's showing of relevance and need for the requested information. Finally, the privacy interests of nonparty third persons have been amply addressed in the Consent Protective Order entered by the magistrate on September 11, 2007. Accordingly, the Court is indeed "left with the definite and firm conviction that a mistake has been committed." Based on the foregoing,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Appeal of Order Granting Motion for Protective Order [73] is well-taken. IT IS FURTHER ORDERED that the Magistrate's Order dated January 25, 2008 should be, and hereby is, VACATED. IT IS FURTHER ORDERED that the plaintiff may proceed to conduct a 30(b)(6) deposition of the defendant based on the topics as outlined in the Notice filed on or about December 27, 2007.

SO ORDERED, this the 17th day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE